morning they have pleased the court my name is Erwin Chemerinsky I represent the defendant Helen Vivian Tat. Ms. Landau and I will divide the 20 minutes equally and I'd like to serve two of my ten minutes for rebuttal. Late on a Friday afternoon a judge would repeatedly expressed that the trial had been concluded on Friday intruded himself into the jury deliberation process in a manner that was inappropriate unconstitutional. This reversal. I want to focus on the two jury notes and how the judge handled them. I want to start with note two. The judge here answered the jury's note without consulting with the lawyers as the Constitution requires and in a manner that decided a key question to the left of the jury. A crucial issue was the value of Raymond Tan to testify. This was the focus of defense counsel in closing argument. The jury asked where is Raymond Tan. The Supreme Court has said for over a century when a jury asks a question the judge is obligated to consult with counsel before formulating response. This court has said in United States v. Martinez that the failure to consult adequately is itself reversible error. Here the judge simply did not consult. May I ask you about that? Because I mean we're in sort of an unusual situation in that there's some dispute about what actually took place at the trial but but if we for a moment if we accept Mr. I think it's Mr. Schaffler's defense counsel's declaration of what happened it says that the the judge said she was going to that Tan's absence from trial was not an issue for their determination so and then then it says you know that he proceeded to do that but based on that declaration Tan's counsel was present when the judge said he was going to do that so why why could they not at that point have said your honor we object please don't do that why wasn't that an adequate opportunity for an objection? Well at that point the defense counsel certainly expressed disagreement with the judge was doing the problem was there was no hearing. Judge Miller contrast what the judge did with note two compared to note one. When note one came in the judge called all the parties in brought in the court reporter and allowed for an objection on the record. Here the judge simply told the lawyers what they were doing and here your honor I think you have to focus on what the Supreme Court said in the United States versus Rogers and the obligation to consult with counsel. There's no dispute here no consultation occurred in fact the government itself said and here if you look at volume two ER of page 163 that it was not present when this occurred nor was the attorney for shall present when this occurred. This court has said there must be sufficient consultation. Well you know if that's where that's where the dispute comes in because the both counsel were present and counsel for Xiao didn't as I recall it at least independently put in a declaration saying that they were not present this came from a third party essentially. So it seems to me that unless we're going to say that the judge wasn't telling the truth which is you know it's possible but it's a kind of a tough call for us to make. We're left with your argument that when a judge says well this is what I'm going to do and I really that that doesn't count and you know judges have different styles and sometimes they're impatient and sometimes the you know it requires defense counsel to be a little more assertive you know but if all counsel were present is it your argument that simply saying here's the answer I want to give is insufficient as a matter of law? No your honor if there is the opportunity quote to be heard before the judge responds that's the language Rogers versus United States. Well if counsel were there then they had an opportunity to holler because the I don't think there's an allegation that the answer had already been sent to the jury before the judge made that comment. The counsel wasn't there I want to direct you to the page and it's this is the quote from the government on page 163 as it relates to the defendants argument regarding jury note to the government relies entirely on defendants recitation events as the government was not present in defendants in reaction with the court. Also there is the requirement for consulting but even if you accept all of that. Wait a minute let's suppose then that all the defense counsel were there and the government counsel wasn't and the defense counsel said oh you know we want to talk about this no this is exactly what we wanted to say and the judge says that's fantastic I'll use your version. Is it your position that because the government lawyer wasn't there you would win on appeal there too? No your honor in that situation it's different but there is the obligation to consult but even if I accept that procedurally there was no problem subsequently the judge decided the issue that should have been for the jury. This is the other problem here and here your honor the language from this court in United States versus Ramirez 714 F 3rd at 1138 is exactly on point. This court said by instructing the jurors to disregard any uncertainty by the prosecutor did not call a witness who might have been the key witness the court improperly intruded itself into the jury room interfere with the jury's rules of fact finder. That's exactly what occurred in this instance. So either on the procedural level or on the substantive level the judge acted improperly. Well counsel I have one other question jury instruction number 20 said for reasons that do not concern you the case against your client is no longer before you do not speculate why so isn't it really just a restatement of jury instruction 20? Your honor I think it is once the matter has gone to the jury the jury should be looking at the entire record not for the judge to tell the jury that this to disregard their question. But it didn't say disregard that is not an issue for your determination which is what jury instruction 20 says that case is no longer before you. But your honor United States versus Ramirez is exactly this situation and there this court found that it to be reversible error and that's why I think that this court here would say and should say that the judge improperly intruded with the jury selection process. And of course there's also here the problem with regard to jury note number one with the judge again rather than telling the jury look at the entire record directs the jury to a particular set of exhibits and implicitly accepts the prosecution's argument that what this year's in common with my answer to your question Judge Graber is in both instances the judge should have said to the jury look at the record not answer the question for the jury in this way. And with your permission I'll save my remaining two minutes for a bottle. You may do that. We'll hear from Ms. Landau. May it please the court I'm Karen Landau and I represent room Menzel. I'm going to address the question of the prosecutor's misconduct in this case. So in this case in closing rebuttal the last thing that the jury heard before they started deliberations the prosecutor committed misconduct by arguing that by stating baldly that they didn't call the cooperator Raymond Tan because he wasn't truthful with the government and the government wasn't allowed to call untruthful witnesses. Well by doing so the government vouched that the government committed a variety of offenses. The government prosecutor made herself a witness to credibility. The government also vouched by implication for the credibility of the government's other witnesses. Because obviously if the government didn't call a witness they believe to be untruthful than the witnesses they did call were by definition truthful. Counsel let me ask you a couple of questions. The first thing with our standard of review there was no objection as I understand it. So we review for plain error. Is that do you agree? I don't agree entirely your honor. I think that it's the colloquy between the prosecutor or the judge invited the prosecutor to commit misconduct would make review for harmless error appropriate. Now I suppose that in the face of a court exhorting the prosecutor to defend yourself you've been attacked go ahead. A brave defense counsel might nonetheless have objected. But I think that that takes I mean this has to do with in a way the question that I asked your colleague. There are judges that are more aggressive on the bench and more difficult to deal with. We all know that as as a fact of life. And I isn't it still the obligation of defense counsel to make an objection on pain of being reviewed for plain error? Your honor I I think this case I do think that the colloquy here is more than an impatient judge. The judge expressed his opinion on on on how this should be addressed. And that sounds like a question though you're saying if the judge makes a really really really bad mistake then it then there's then we don't review for plain error even though there's no objection? Well I guess my answer is is still no at this point no. I think at some point you have to say we can't apply a plain error. But I will say that I think reversal is required at least from my client even if it is reviewed for plain error. Because the and I'd be happy to address that in further detail. I realize I'm not answering your question with an absolute yes or no. But I do think there are certain circumstances that should take a case out of rule 52. And there are cases too that perhaps take it out of the realm of misconduct. That it's it's clear that the prosecutor was not sure what to do. And the when you're not sure what to do you ask the judge in camera what should I do? And the judge told him what to do and they did what the judge said. And and you know I think that the concept of invited error hasn't been raised in those terms. But I think in a sense wasn't that what the judge was saying? You've been basically invited to do this by the defense arguments. And that well and that I would disagree with and I think the record absolutely demonstrates that's not correct. That this is not an invited error situation where you might give the prosecutor some leniency. I think you know here's the thing. The government was free not to call Raymond Tan. And as the government argued they didn't feel they could call him because they believed he was untruthful. But they had conflicting statements in his proffers. So that you know the government had to leave the way it was. I mean the government didn't call him and the defense was free to make an argument based on in good faith on what the proffer statement said. Which the proffer statement supported an inference that Raymond Tan lied to his wife and to Vivian Tat. And that and then there were some other statements in the proffers that had to do that undermine the government's argument. He did change change his story over time to try to protect his wife or at least that's the way one could interpret it. That that moved from implicating her as fully guilty to saying well no no it was you know my fault. Well that's correct your honor but we don't here's the thing. He said what he said. The government thought he was lying and maybe he was and maybe he wasn't. We don't know. But that that proffer is enough for the defense to argue to say you know what the government chose not to call him. He's a. Well you also chose not to call him. No they tried actually. And if there's emails to that effect they tried it and they were told that he would assert the Fifth Amendment. So that's. Is that sufficient if you don't call the person and have them invoke it? To make them unavailable? Yeah you know your honor I can't answer that question. I would think so. The court did not believe it was but I would think it is. And and certainly. You have an authority for that? I don't know. It's unavailable simply because they tell you that and you don't actually have to call them and test it? I don't think counsel you can put your client on the stand only to invoke the Fifth. I think that flies in the face of a bunch of things. But well that's her client. He was not my client. I was gonna make that point. This is the cooperator. He was not my client. So so anyway so but I would you know you know the prosecutor I think back to the question of invited error. There was certainly enough for defense counsel to say the government. It's a reasonable inference to say the government didn't call him because he didn't know want you to know. The government didn't call this witness because the government didn't want you to hear his testimony. That was reasonable. Once that happened the prosecutor doesn't get to respond. That's the choice they have to make. They chose not to call him. They don't get to say. You left the inference that this was a deliberate act by the prosecution to hide a witness that was favorable to you. I think that inference is fair from the record. That is not what the record demonstrates or at least there is an equally plausible or more plausible explanation and I think that was the box that the judge was responding to. You know your honor I would have to say I disagree with that. I think that in this situation the government has to remain silent and and take it you know they present their case. They have the burden. It's you know they made their choice. They could have called Raymond Tan and let him face cross-examination. The government chose not to do that. That's fine as far as it goes but the question is you know the defense counsel gets to make reasonable an argument based on reasonable inferences and in this case you know there was evidence that the government you know there was he was I mean this was a percipient witness. He was all over the place and they didn't call him. Your honor if there's no more questions I would save my last minute and a half for rebuttal. You may do that. Thank you. And we'll hear next from Mr. Alden. Good morning your honors. May it please the court. Bram Alden for the United States. I'm going to start where Mr. Chemerinsky left off which is with this issue of the second jury note and first I want to correct the factual record because as both judges Miller and Graber have now observed the district court made comments rejecting the defendants claims below that they were not present and had no opportunity to object and instead said we were all here and the response was not etched in stone when people came back into the courtroom. What I would correct then beyond that is that the prosecutor never adopted the defense's assessment or explanation of what happened. In fact if you look at GER 85 which was a transcript from the hearing on defendant Tatt's motion for bail pending appeal the prosecutor made very clear what the government's account of the facts was which was that the when the court still had not sent the note back to the jury with an answer and the court told the government it's quote proposed response which the government endorsed as quote proper. So even by the time the government arrived there had been no response to the jury note as a factual matter. Do you know anything about why this wasn't on the record? I mean is that a common practice in that experience? No one was on the record right? No one was not discussed on the record. No one was discussed off the record after which counsel for defendant Tatt went on the record to make an objection and that actually is the same that happened with the jury instructions. That conference took place in camera in the judges chambers after which defendants Tatt's counsel went on the judge's practice. It is unorthodox in the district but it is certainly commonplace in his courtroom and if the defendants have wanted to challenge that practice on appeal this would have been a very different appeal. So once you set aside that factual analysis you then get to plain error review because there was actually no objection made on the record of the substantive analysis and I think Judge Graber really hit the nail on the head here which is that jury instruction 20 was precisely designed to prevent the jury from speculating as to why the case of a co-defendant was not before the jury and that jury instruction is itself derived from this court's model instruction 1.15. At the time of this trial it was 1.16 but the parties submitted it on the theory that the jury should not be considering whether a co-defendant was punished or is in custody or even was prosecuted and so I mean maybe that's I mean you're right they shouldn't be considering that but if the question is and maybe that's what the note meant but but if we read the note as being about you know why didn't we hear from him why wasn't he called to testify doesn't I mean that that seems pretty close to what we addressed in Ramirez doesn't it? I would say first your honor that the note can't be just construed in the defense's favor particularly on plain error review and given the ambiguity that sets this case apart from Ramirez where in that case the judge gave a sua sponte instruction that directly prohibited the missing witness inference and so this court held that that sua sponte instruction which of course the defense would not have had an opportunity to object to because it was sua sponte was erroneous because it precluded the adverse inference the adverse missing witness inference now I would make two comments in response to if we construe the note in that fashion I think we would still prevail here because the government would still prevail here for two reasons one the response was not prejudicial just as in Ramirez you should also follow the prejudice analysis which held that there was no other reasonable explanation for what the defendant did in that case the same is true here the second is that in Ramirez that put the inference off limits whereas here the defense had already made that comment in closing argument and when the government objected the objection was actually overruled so the inference was put before the jury even during closing argument that takes us to the other issue about that was argued so far which has to do with the very odd way that argument the final argument went and it certainly is in ordinary circumstances without the judges having said go do this it would be improper argument would it not yes and we can see that your honor I wrote that in the brief because I completely agree that had the judge not exhorted the prosecutor to do exactly this that it would have been clear or obvious error on the part of the prosecutor at which point we would move into the third and fourth promise of plain error well then why if we're defense counsel have an obligation to stand up to an assertive judge by making objections even when it seems intimidating or futile why isn't it the obligation of a prosecutor to stand up to this same judge or and say well you know upon reflection it isn't it isn't right there certainly is no law in the comparable context that would be analogous to preserving an objection to avoid plain error review versus the prosecutor saying this judge is incorrect particularly given that the prosecutor proposed so I acknowledge that fact pattern led to this but what happens then there's no case while saying that a prosecutor commits plain misconduct by defying by following it that's why I think this does take this out of the realm of cases in which you could find that there was plain misconduct moving on though to the third and fourth prongs if this was error it was harmless and I think the harmlessness analysis is really important in this case because it should control all of the issues even if there was any error with respect to any issue the core of this case was a transaction that reeked of illegitimacy five people parts of it were on tape and so on so people saw it but I want to turn if I made is something it hasn't been argued yet that has to do with the merits of the evidentiary sufficiency on count three I have some difficulty and speaking only for myself of course with understanding how count three survives because the entry that was made with respect to the cashier's check accurately reflected what happened cash in and cashier's check out there was no place to put on that document as I understand it why it was happening or anything like that so you know there are plenty of crimes that flow from this activity but I have difficulty seeing that there's evidence that the that defendant tat intended that in entry by itself to injure or deceive the bank it could couldn't have injured or deceived the bank which is a required element of one zero zero five so I'd like you to respond to that and tell me why why there's sufficient evidence yes sir I completely agree that on its face the form was accurate the reason that this can still be prosecuted as a false entry count is because the case law dating back to Darby by the Supreme Court but even more on point this case this court's decision in Hargreaves holds that when you conduct a straw transaction with a straw purchaser you create by definition records that are false even if they correctly document the truth very different context than a cashier's check and so the financial reality of a cashier's check I think must play into the analysis those other cases that you refer to don't involve that they involve things such as a loan where it does matter to the bank whose you know whose finances back something and so forth so they are you aware of any case involving a cashier's check in which a facially correct entry which does not affect the bank's fisc in any way is held to violate section one zero zero five yes your honor Hargreaves did indeed if you look closely at that case it talks about cashier's checks in particular and talks about obtaining cash and there is a part I had written in my notes page 72 but that may be off but there is definitely a discussion in Hargreaves about the use of what they call dummy signatories to obtain both cash and cashier's checks from the bank and the court went on in Hargreaves to say the entries in question found their way to the books and reports because the defendant set the machinery in motion which required the entries to be made and that that alone was the false entry theory that supported the convictions in that case except in that case the entries did not reflect the true relationship between the bank and the officers of the bank among other things and that isn't the case here I do think though that the Hargreaves decision talks about dummy signatories I don't know if it uses the word straw man buyer but that was answering the question that Darby left open which means that would implicate perhaps other crimes perhaps a conspiracy but I'm I'm unsure what else the defendant Miss Tack could have done I mean the form was the form she filled it out and and that was that whatever you know her intent was I think I think there's a stretch here I would totally agree but for the fact that I do think this question was decided in Hargreaves and frankly your honor if we were charging this again today we might have charged it as a different count the question merely though for the court is looking at the binding precedents regardless of their age is it the case that the government can prosecute a false entry count based on a straw man buyer transaction which is exactly what this was and in Darby the Supreme Court analogize that case to perhaps a case in which the bank received dollars that were known to be counterfeit and then created well let's let's think of a completely different scenario let's suppose that I have an account balance of $10,000 and I go in and I ask for a cashier's check for $1,000 I actually have the money it goes to them they give me the now does it matter that I intend to give that to a drug dealer does it matter that I acquired that money through defrauding my next-door neighbor I I don't see how that is a violation of one zero zero five but that seems to be your theory if they either the proceeds somehow were ill-gotten or the recipient of that cashier's check is somebody who ought not have it that but that doesn't seem to meet the requirement of the statute for an attempt to defraud the bank I I would not I would certainly not take the hypotheticals meet the standard in this case the transaction itself was designed to result in entries that would not depict the true condition of what had happened I just I understand that with respect to count two but the entries for count three by their nature I mean it just says you know the date that there was a check in the amount of the count three entry didn't say who was going to or who was coming from so how could that entry have depicted the true nature of the transaction it doesn't seem like that was what it was designed to do so a true transaction report would have indicated that the cash came from yep and it would not have listed Fang's bank account number and in count to it would not have listed Chow's name but it was Fang's bank account number because the defendants designed a scheme that would result in a in a bank record that did not reflect who brought the money into the room that day and that's why I think to respond to Judge Hillman's question of what could have done differently the answer is I'm sorry are all judges still there yes we are you're frozen to us we can hear you okay well I'll carry on I think the answer to Judge Hillman's question then is that what TAT should have done differently is not arranged and engineered a transaction that would result in bank records reflecting first a cashier's check that had to be refunded to Fang the account holder but money that went through the bank because it came from yep and secondly a cashier's check that was purchased with money that came from yet not defended Chow through her own bank accounts that sounds like a conspiracy description to me and and it was a conspiracy excuse me I thought it was undisputed that there was no place in the entry or the form for that entry where you could even list you know who it was for or who supplied the funds but it seems to me that when there is an account with sufficient funds in it and the cashier's check is drawn on that by the person whose funds are listed I I don't understand how that's a violation of this particular statute there are so many other things it could be criminal act but it that wasn't what was charged I think that it was multiple crimes it was absolutely a conspiracy and it was a criminal act under multiple stats but three doesn't say that count three is under one zero zero five only as I understand that's correct that is correct your honor nonetheless count three was charged because the report revealed what had happened but that the what had happened was manufactured and engineered to create a bank record that wouldn't reveal the true nature of the transaction and I really do think that that dates all the way back to Darby because if as the Supreme Court pointed out in Darby the deposit of counterfeit money that was then entered into the books as cash could be prosecuted as a false entry except this this case involves actual non-counterfeit money in an actual account that was sufficient to cover the amount of the cashier's check and the amount was correctly and so there is no literal falsehood and there's also I don't understand well I've made my concern clear I think that I don't understand how it falls even within Hargreaves and and the other the other cases and your honor I think I have also made my best argument on that score and and so I would urge the court though that especially with respect to the first two counts this court should affirm if the court needs to it should affirm based on harmless error review this was clearly a patently a legitimate transaction I take the court's points about count three and have made the argument that I can so unless the court has further questions I'm willing to submit I don't see any movement very much I think not and we'll do the rebuttal in the same order as the original argument starting with mr. Chemerinsky thank you I want to focus a note to the judge Eric both procedurally and substantively as to the procedural error I want to make two points first there was not adequate consultation this court in Martinez said that it's reversible error quote not only the there's no factual dispute that there was not adequate consultation tech in terms of the government's own position again if you look at page 163 of volume 2 the excerpt the record says it arrived in the courtroom quote to learn of the court's response to jury note number two second there was an objection at the earliest possible time the defense had repeatedly asked for a missing witness instruction it made clear when the judge was going to do this that it disagreed the first time that the defense had the opportunity to file an objection was in the motion for a new trial and that's when it did so substantively the judge erred in your honors Ramirez case exactly on point to go back to judge Graber's question but jury note instruction 20 it basically says don't find the defendant guilty based on whatever happened to the co-defendants the defense focused in closing argument on the importance of Raymond Tann's absence the defense said that a negative inference should be drawn from Raymond Tann's absence but the jury basically did was be told by the judge to completely disregard that and it's on that basis either from a procedural perspective or from a substantive perspective the judge erred and I'd also focus on the response to jury note number one where the judge erred by instead of telling the jury to look at the entire record pointed the jury to convey the message that he agreed with the prosecution that fraud had occurred and he acted inappropriately the DC Circuit case the United States Miller is exactly on point here thank you your honors thank you miss Lando yes your honor just a couple of points first I want to address the question of harmless or plain error at least with respect to Romans now I think the court the only question from his house and she was at the transaction was her intent and the I would argue the the evidence against her was just not overwhelming as to her intent yes the transaction didn't look good but this is someone who was an unsophisticated person she was a waitress her entire life and she just you know she's she you know the the evidence against her was far from overwhelming she made statements that could be inculpatory but there was also evidence that they were made innocently because she was trying to provide comfort to the account holder who appeared uncomfortable lastly I point out that the jury deliberated for eight hours in what was a very very simple case that also militates against a finding of either harmless or in favor of a finding of plain error the final thing I wanted to but it seemed to me you were saying that the prosecutor couldn't have committed misconduct because the judge approved of the misconduct and I think that if if that's the ruling that ruling basically even eliminates plain error in other words you'd be taking what is a forfeited error arguably or what is maybe should be reviewed for harmless error anyway into the realm of waiver at the minimum this case has to be reviewed for plain error and the prosecutors misconduct was plain regardless whether it was approved or not and if there's no further your honor did you have a no I wish it sounded like you were winding up I was I was gonna say if there's no further questions I will submit thank you thank you we appreciate excellent arguments from all you they've been very helpful and the case just argued is submitted
judges: Graber, Hillman, Miller